OPINION JUDGMENT ENTRY
{¶ 1} On January 24, 2003, a bill of information was filed charging appellant, David Jeremy Miller, on seven counts of arson in violation of R.C. 2909.03 and one count of attempted arson in violation of R.C. 2923.02. Said charges arose from several barn fires in Scioto Township, Ohio. Appellant is a volunteer firefighter.
 {¶ 2} A jury trial commenced on July 7, 2003. Prior to trial, the state dismissed four of the arson counts. At the conclusion of the state's case-in-chief and again at the conclusion of his case, appellant moved for a Crim.R. 29 motion for acquittal. The trial court denied the motions. The jury found appellant guilty of one count of arson and not guilty of the two remaining counts of arson and the attempted arson count. The guilty finding involved the fire at the Calvin Finks barn located at 3902 Russell Road. By judgment entry filed October 24, 2003, the trial court sentenced appellant to sixty days in jail and ordered him to pay restitution and court costs.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The jury's guilty verdict was against the manifest weight of the evidence and is insufficient to support a finding of guilty based upon the evidence presented."
 II {¶ 5} "The court committed prejudicial error overruling the defendant's motion for acquittal."
 III {¶ 6} "The court committed prejudicial error when it permitted the state of Ohio to present evidence regarding an experimental test fire conducted at Delaware J.V.S."
 IV {¶ 7} "The court committed prejudicial error when it permitted the state of Ohio to present evidence regarding an interview with the defendant/appellant that was largely redacted and had much information that was not properly admissible in this case."
 I {¶ 8} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 9} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. On a reversal of manifest weight of the evidence, a unanimous concurrence of all three judges is required. Section 3(B)(3), Article IV of the Ohio Constitution.
 {¶ 10} Appellant was convicted of arson in violation of R.C.2909.03 which states in pertinent part as follows:
 {¶ 11} "(A) No person, by means of fire or explosion, shall knowingly do any of the following:
 {¶ 12} "(1) Cause, or create a substantial risk of, physical harm to any property of another without the other person's consent;
 {¶ 13} "(B)(1) Whoever violates this section is guilty of arson.
 {¶ 14} "(2) A violation of division (A)(1) of this section is one of the following:
 {¶ 15} "(b) If the value of the property or the amount of the physical harm involved is five hundred dollars or more, a felony of the fourth degree."
 {¶ 16} R.C. 2909.11 governs determining property value or amount of physical harm. Subsection (B) states the following:
 {¶ 17} "(B) The following criteria shall be used in determining the value of property or amount of physical harm involved in a violation of division (A)(1) of section 2909.03 or section 2909.05 of the Revised Code:
 {¶ 18} "(1) If the property is an heirloom, memento, collector's item, antique, museum piece, manuscript, document, record, or other thing that is either irreplaceable or is replaceable only on the expenditure of substantial time, effort, or money, the value of the property or the amount of physical harm involved is the amount that would compensate the owner for its loss.
 {¶ 19} "(2) If the property is not covered under division (B)(1) of this section and the physical harm is such that the property can be restored substantially to its former condition, the amount of physical harm involved is the reasonable cost of restoring the property.
 {¶ 20} "(3) If the property is not covered under division (B)(1) of this section and the physical harm is such that the property cannot be restored substantially to its former condition, the value of the property, in the case of personal property, is the cost of replacing the property with new property of like kind and quality, and, in the case of real property or real property fixtures, is the difference in the fair market value of the property immediately before and immediately after the offense."
 {¶ 21} Appellant argues the evidence failed to prove that the Finks barn sustained at least $500 in damages and that he started the fire.
 {¶ 22} We will first review whether the evidence supports the jury's finding that the value of the property or the amount of the physical harm involved was $500 or more [R.C.2909.03(B)(2)(b)] as set froth in R.C. 2909.11(B).
 {¶ 23} The owner of the barn in question, Calvin Finks, testified the fire caused charring to the barn and hay stored therein. T. at 87. When specifically questioned on the value of the hay that was burned, Mr. Finks opined the damage was in excess of $500:
 {¶ 24} "Q. How about the hay that was in there that burned, what is the value of the hay?
 {¶ 25} "A. I can't give you a breakdown today. I don't recall. It was well over $500.
 {¶ 26} "Q. Do you have any idea about how many bales you had in there?
 {¶ 27} "A. Two or 3,000, or more.
 {¶ 28} "Q. How much if you — do you sell hay?
 {¶ 29} "A. Yes.
 {¶ 30} "Q. How much do you get when you sell a bale of hay?
 {¶ 31} "A. That year priced it cheap, runs two and a half on the first, three on the second and three and a half on third, cutting." T. at 88-89.
 {¶ 32} When Mr. Finks arrived on the scene, he went to the hay mow and observed "a lot of smoke" and "hay smoldering." T. at 90. In extinguishing the fire, firefighters used chemical foam to soak the hay. T. at 189-190; State's Exhibit 22.
 {¶ 33} Upon review, we find the cited evidence to be sufficient to support the jury's finding on value.
 {¶ 34} As for the evidence pertaining to whether or not appellant started the fire, admittedly the evidence is circumstantial in nature. We note "circumstantial evidence may be more certain, satisfying and persuasive than direct evidence."State v. Richey, 64 Ohio St.3d 353, 363, 1992-Ohio-44. Circumstantial evidence is to be given the same weight and deference as direct evidence. State v. Jenks (1991),61 Ohio St.3d 259.
 {¶ 35} It is undisputed the fire at the Finks barn at 3902 Russell Road was deliberately set and appellant made a 911 call at 1:30AM regarding a fire on "Russell Road." T. at 11, 331-334, 341. There were two barn fires that evening on Russell Road, both owned by Mr. Finks. Appellant was acquitted of the fire at 3451 Russell Road.
 {¶ 36} The circumstantial evidence includes appellant's own admission that he cruised the "five-mile block" in the township wherein three fires were set that evening, four witnesses observed appellant's vehicle going back and forth down Russell Road in the immediate vicinity of the Finks barn (there was no other traffic at the time), and appellant had flares in his vehicle prior to the August 19, 2001 fires which he removed once he realized he was a suspect. T. at 402-403, 407, 425-426, 439-440, 448-449, 668-669, 679, 683, 688. The day before the fire, appellant was in the Midway Market with other firefighters and was overheard saying "are you ready for this evening, tonight." T. at 462, 494. We note flare debris was found at the scene of the 3902 Russell Road barn fire. T. at 376-378, 392.
 {¶ 37} Appellant stated he smelled smoke in town before he and his friend, a fellow volunteer firefighter, Brandon Dilley, went out to check on Russell Road. State's Exhibit 55, Page 20. However, a firefighter living in town testified he did not smell smoke in town. T. at 535-536. Upon arriving on the scene, appellant called 911 and proceeded to the fire station to retrieve his gear, even though the "basis of any training" is to stay with the fire. T. at 465, 467, 671, 674; State's Exhibit 55, Page 20, 33. Appellant omitted telling the fire investigator in his written statement made the next day that he made the initial 911 call on the 3902 Russell Road barn, even though when the fire truck stopped at the other barn at 3451 Russell Road, appellant told the driver "this was not the barn I called in." T. at 465, 677; Plaintiff's Exhibit 36.
 {¶ 38} Many of these facts standing alone are susceptible to different interpretations. However, viewed as a whole, they do substantiate appellant's guilt as to the Finks barn at 3902 Russell Road. The some seven hundred pages of testimony and numerous exhibits created a web of facts that lead but to the conclusion reached by the jury. The state even proved a motive, to wit, appellant had been photographed as a firefighter at an earlier fire and had relished in the spotlight of fame. T. at 698-699.
 {¶ 39} Upon review, we find substantial evidence to support the jury's verdict and no manifest miscarriage of justice.
 {¶ 40} Assignment of Error I is denied.
 II {¶ 41} Appellant claims the trial court erred in failing to grant his Crim.R. 29 motion to acquit. We disagree.
 {¶ 42} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 43} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 44} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 {¶ 45} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 46} Appellant was convicted on one of four charges. Any error by the trial court was corrected by the jury's verdicts.
 {¶ 47} Appellant argues that by permitting all four counts to go to the jury, the trial court created a "compromise verdict." Appellant argues the jury was deadlocked at one point in time and therefore this is proof of the undue prejudice created by the failure to grant the Crim.R. 29 motion.
 {¶ 48} The record does not support that the jury was deadlocked. Appellant provided only the testimony of the witnesses for appellate review therefore, we have no proof of a deadlock.
 {¶ 49} Given our decision in Assignment of Error I and the fact that appellant was acquitted of the other three counts, we find this assignment to be without merit.
 {¶ 50} Assignment of Error II is denied.
 III {¶ 51} Appellant claims the trial court erred in admitting evidence of an experimental test fire. We disagree.
 {¶ 52} The witness, Jack Wortz, testified the test fire was done to simulate the fire at the Burnt Pond Road barn where a flare was found. T. at 239, 250-251. Because the jury did not convict appellant for this fire, we find this evidence is not relevant to the charge appellant was convicted of.
 {¶ 53} Assignment of Error III is denied.
 IV {¶ 54} Appellant claims the trial court erred in admitting his interview with Lieutenant Randy Pohl of the Delaware County Sheriff's Office and Steve Southard, a State Fire Investigator, State's Exhibit 55, because it contained large redacted sections and included inadmissible information. We disagree.
 {¶ 55} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 56} It is important to note that only witness testimony has been provided to this court. Therefore, we are unable to determine if the trial court issued any limiting instructions relative to the redacted portions of the exhibit. The trial court stated it would advise the jury on redactions. T. at 600. Pursuant to Knapp v. Edwards Laboratories (1980),61 Ohio St2d 197, we presume such a limiting instruction was given.
 {¶ 57} The interview is basically exculpatory and parallels appellant's testimony. It is also very similar to the testimony of Brandon Dilley. Appellant's handwritten statement, State's Exhibit 36, taken prior to the interview, did not include details and the fact that appellant made the 911 call on August 19, 2001. Otherwise, the interview follows the written statement. We find no abuse of discretion in its admission.
 {¶ 58} Assignment of Error IV is denied.
 {¶ 59} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Judgment affirmed.
Farmer, J., Gwin, P.J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.