OPINION *Page 2 
{¶ 1} Defendant-Appellant Roger D. Moore ("Moore") appeals two separate judgments and sentences of the Court of Common Pleas of Hardin County, Ohio. The court, in case no. 20062078-CRI, found and designated Moore to be a sexual predator and sentenced him to fifteen months in prison for his conviction of Unlawful Sexual Conduct with a Minor, a felony of the fourth degree in violation of R.C. 2907.04(A)(B)(1). In case no. 20072002-CRI, the court sentenced Moore to eight months in prison for his conviction of Failure to Appear, a felony of the fourth degree in violation of R.C. 2937.29 and R.C. 2937.99(A)(B), to be served consecutively for a total prison sentence of 23 months.
 {¶ 2} The Hardin County Grand Jury indicted Moore, during the April 25-26, 2006 session on two felony counts of Unlawful Sexual Conduct with a Minor in violation of R.C. 2907.04(A), (B)(1), and one count of Contributing to the Unruliness of a Minor in violation of R.C. 2919.24. (Case No. 20062078-CRI). At a bond hearing on June 28, *Page 3 
2006 the trial court appointed counsel to represent Moore and released Moore on bond with the condition that he not leave Hardin/Allen counties, have no contact with minors, have no contact with the victim, and report to the Ada Police Department each day on or before 9:00 a.m. Moore also pled not guilty to all three charges at the bond hearing.
 {¶ 3} On November 13, 2006 Moore appeared for a change of plea hearing. Moore withdrew his previously entered plea of not guilty to count one and entered into a negotiated plea agreement wherein he agreed to plead guilty to count one and the State agreed to dismiss counts two and three of the indictment. The trial court accepted Moore's guilty plea to count one of Unlawful Sexual Conduct with a Minor. The court then ordered the preparation of a pre-sentence investigation report.
 {¶ 4} On January 3, 2007 at 10:00 a.m. Moore was scheduled to appear before the trial court for a sex offender classification and sentencing hearing on the charge of Unlawful Sexual Conduct with a Minor. Moore failed to appear for the January 3, 2007 hearing in a timely manner. A bench warrant was issued. Moore was subsequently arrested when he arrived at the courthouse later in the day on January 3, 2007. Subsequently, the sex offender classification and sentencing hearing was rescheduled for January 18, 2007.
 {¶ 5} Prior to the January 18, 2007 hearing, Moore was indicted, during the Hardin County Grand Jury's January 11-12, 2007 session, on one count of Failure to *Page 4 
Appear in violation of R.C. 2937.29 and R.C. 2937.99(A)(B). (Case No. 20072002-CRI).
 {¶ 6} On January 18, 2007, Moore appeared for his sex offender classification and sentencing hearing in case no. 20062078-CRI, and his initial appearance in case no. 20072002-CRI. Moore entered a plea of guilty to the charge of Failure to Appear. The court immediately proceeded to sentencing in both cases. In case no. 20062078-CRI, the court ordered Moore to serve fifteen months in prison for his conviction of Unlawful Sexual Conduct with a minor. In case no. 20072002-CRI, the court ordered Moore to serve eight months in prison for his conviction of Failure to Appear, to run consecutive to the sentence imposed in case no. 20062078-CRI. The court also noted that Moore was already designated as a sexual predator and that he continued to be a sexual predator on the facts of case no. 20062078-CRI.
 {¶ 7} Moore now appeals, asserting three assignments of error.
 ASSIGNMENT OF ERROR I IN VIOLATION OF OHIO CRIM. R. 11, THE TRIAL COURT, BOTH VERBALLY AND IN WRITING, IMPROPERLY ADVISED APPELLANT-DEFENDANT REGARDING HIS RIGHT TO WITHDRAW HIS GUILTY PLEA IN 20062078-CRI PURSUANT TO OHIO CRIM. R. 32.1, AND FAILED TO FULLY ADVISE APPELLANT-DEFENDANT OF HIS CONSTITUTIONAL RIGHTS PRIOR TO ACCEPTING HIS GUILTY PLEA IN 20072002-CRI.
 ASSIGNMENT OF ERROR II THE TRIAL COURT COMMITTED AN ERROR OF LAW BY FAILING TO COMPLY WITH THE REQUIREMENTS OF O.R.C. 2950.09 IN FINDING APPELLANT-DEFENDANT TO BE A SEXUAL PREDATOR *Page 5 
 ASSIGNMENT OF ERROR III THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT FAILED TO CONSIDER THE PURPOSES AND PRINCIPLES OF SENTENCING CHAPTER 2929 ET SEQ. IN BOTH CASE NO. 20062078-CRI AND CASE NO. 20072002-CRI.
 First Assignment of Error {¶ 8} In his first assignment of error, Moore contends that the trial court failed to comply with the requirements of Ohio Crim. R. 11 when accepting his guilty plea in each case.
 {¶ 9} Before accepting a guilty plea, Ohio Crim. R. 11 requires the trial court to personally address a defendant to determine if the plea is voluntary, and that the defendant understands both the plea itself as well as the rights waived by pleading guilty. Crim. R. 11(C)(2). Specifically, Crim. R. 11(C)(2)(c) provides that the duty of the court extends to:
 Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 10} "Although using the exact language of Crim. R. 11 is not required, the court must advise the defendant that a plea of guilty waives each of these rights." State v. Graham, 3rd Dist. No. 14-04-28, 2005-Ohio-1431 citing State v. Ballard (1981),66 Ohio St.2d 473, 423 N.E.2d 115. In reviewing the sufficiency of a Crim. R. 11 colloquy, the *Page 6 
Court will apply different standards depending on whether the violation stemmed from a failure to inform a defendant of the constitutional rights delineated in Crim. R. 11(C)(2)(c) or whether the failure was to comply with the other requirements of Crim. R. 11(C). Id.
 {¶ 11} With regard to the constitutional rights enumerated in Crim. R. 11, "a guilty plea is constitutionally infirm when the defendant is not informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses in his behalf." Ballard,66 Ohio St.2d at 478. This rule does not extend to require a court to use the exact language of Crim. R. 11, but the court must advise the defendant of each right waived by the guilty plea. Ballard, 66 Ohio St.2d at 480.
 {¶ 12} With regard to the non-constitutional requirements of Crim. R. 11, this Court looks at whether the trial court substantially complied with the requirements of Crim. R. 11 and will not reverse unless prejudice occurred, if substantial compliance exists. State v.Stewart (1977), 51 Ohio St.2d 86, 93 364 N.E.2d 1163. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474 citing State v. Carter (1979), 60 Ohio St.2d 34,396 N.E.2d 757. *Page 7 
 {¶ 13} The question before this Court is whether the trial court complied with Crim. R. 11 in accepting Moore's guilty pleas in both cases. For ease of discussion, the plea in each case will be discussed separately. Turning to Moore's guilty plea to Unlawful Sexual Conduct with a Minor, Moore does not argue that the trial court failed to advise him of his constitutional rights in case no. 20062078-CRI, rather Moore argues that the trial court erred in both orally, and in writing, advising him that his guilty plea could not be later withdrawn. Specifically, the trial court had Moore sign a Waiver of Rights and Plea of Guilty that required Moore to initial each waiver provision including the statement "[w]ithdrawal of plea not permitted after acceptance." Moore was also asked by the court
 Do you understand that you are not going to be able to come back [in] a month or two or week or two and, after you've had time to think about this a little bit longer and you decide maybe you didn't want to do this, that uh that's not going to be possible. This is permanent, you understand that?
Moore argues that these statements improperly informed Moore of his rights, and therefore render his guilty plea void.
 {¶ 14} None of the required disclosures enumerated in Crim. R. 11(C)(2) require any discussion of the rights of a defendant to withdraw a guilty plea. In every other aspect of the required Crim. R. 11 colloquy, the trial court complied with the Crim. R. 11 requirements. Although the trial court's statements concerning withdrawal of a guilty plea were not wholly accurate representations of the law, the court substantially complied *Page 8 
with the mandates of Crim. R. 11 and no prejudice resulted from the inclusion of the additional admonition by the court that a guilty plea would not be easily withdrawn.[1]
 {¶ 15} Turning to the record in case no. 20072002-CRI, concerning the charge of Failure to Appear, the record is devoid of any of the required Crim. R. 11 colloquy. At no point, before accepting Moore's guilty plea did the trial court inform Moore of his rights nor does anything in the record indicate that the trial court had Moore execute a waiver of his rights as he did in case no. 20062078-CRI. The trial court simply did not comply with the mandates of Crim. R. 11. As a result, based on the standard articulated in Ballard, Moore's plea in case number 20072002-CRI is constitutionally infirm and therefore, void. Accordingly, Moore's first assignment of error is overruled with respect to case number 20062078-CRI for Unlawful Sexual Conduct with a Minor, and sustained with respect to case no. 20072002-CRI for Failure to Appear.
 Second Assignment of Error {¶ 16} In his second assignment of error, Moore contends that the trial court erred in classifying him as a sexual predator when the court failed to comply with the requirements of R.C. 2950.09. *Page 9 
 {¶ 17} The Ohio Revised Code defines a "sexual predator" as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1).[2]
 {¶ 18} In determining whether an offender should be classified as a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following enumerated in R.C.2950.09(B)(3):[3]
 (a) The offender's . . . age;
 (b) The offender's . . . prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed . . .;
 (d) Whether the sexually oriented offense for which sentence is to be imposed . . . involved multiple victims;
 (e) Whether the offender . . . used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender . . . previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender . . . completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense *Page 10 or act was a sex offense or a sexually oriented offense, whether the offender . . . participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender . . . ;
 (h) The nature of the offender's . . . sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender . . . during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's . . . conduct.
R.C. 2950.09(B)(3)(a)-(j).
 {¶ 19} "In classifying an offender as a sexual predator, the Revised Code requires the trial court to make this finding only when the evidence is clear and convincing that the offender is a sexual predator." State v. Naugle, 3rd Dist. No. 2-03-32,2004-Ohio-1944 citing R.C. 2950.09(B)(4).
 Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. *Page 11 
 Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118. We are are therefore required to determine whether the evidence presented was sufficient for the trial court to classify Moore as a sexual predator by clear and convincing evidence.
 {¶ 20} The record of the sentencing and sexual offender classification hearing in the present case contains only minimal evidence concerning the sexual offender classification. Moore stipulated to "the fact that he is, in fact, a sexual predator on this new offense." (January 18, 2007 Tr. p. 5). Moore's counsel also stated that Moore was attending a sex offender program to treat his sexual addiction to young women.Id. Hence, there is also some allusion to, but no actual evidence of a possible prior adjudication of this defendant as a sexual predator by another court. The State argued that
 He had the sentence out of Auglaize County with the predator label, and that sentence said stay away from children. Anybody under eighteen. In spite of that he still had contact with the victim in this case . . . It is true that Allen County is looking at him in a case . . . there's a fifteen year old girl over there that is allegedly pregnant by this man, and they're just waiting for the birth of the child. That, again, shows this Court's order on bond was ignored. He did what he wanted. He attached himself to a child under eighteen . . . We agree to the stipulation that he's a sexual predator . . . Based on the facts we just told the Court, I think he deserves the label of a sexual predator.
(January 18, 2007 Tr.p. 7-8). The trial court stated that it was reaffirming Moore's classification as a sexual predator and then found that "pursuant to stipulation of the parties, that uh Roger David Moore is, in fact, hereby continues to be classified as a sexual predator from this day forward." (Tr.p. 12-13). *Page 12 
 {¶ 21} Although a pre-sentence investigation report was available to the court, it made no mention of the report in classifying Moore a sexual predator. Additionally, the court did not consider any expert testimony, or testimony of other witnesses. Moreover, the court did not state the basis for its classification of Moore as a sexual predator, other than the stipulation between the parties, and made no specific findings on the record to support Moore's classification. In sum, the trial court did not follow the statutory requirements of R.C.2950.09(B)(2). In addition, if there was a prior adjudication of a sexual predator classification, it was not properly before the trial court in this case and accordingly was improperly considered as a basis for a sexual predator determination in this court.
 {¶ 22} Turning briefly to the stipulation to Moore's sexual predator status, the record states that Moore "stipulat[ed] to the fact that he is, in fact, a sexual predator on this new offense. . ." (Tr.p. 5). The January 18, 2007 Entry of Sentence also indicates that "it was the agreement of the parties, and the finding of the Court by Clear and Convincing Evidence that Defendant is a Sexual Predator on the facts of this case." With the exception of these two conclusory statements concerning the existence of the stipulation, the record is silent regarding any facts supporting the stipulation. This Court has previously stated that it
 does not perceive any logical reason or incentive for a defendant to stipulate to being found a sexual predator. The finding that one is a sexual predator is the most severe status that can be designated. The result of the designation is that one is required to register with local *Page 13 law enforcement every 90 days for the remainder of his or her life and is subject to the community notification provisions of the statute. Additionally, without a writing to support the stipulation or any facts on the record, we cannot determine what the basis for the stipulation is. R.C. 2950.09(B)(2) requires that the trial court review numerous factors, then make a legal conclusion based upon the facts showing that the offender is or is not a sexual predator.
State v. McKinniss 3rd Dist. No. 3-2000-23, 2001-Ohio-2346. Here we cannot determine the basis of the stipulation, as it is not evidenced in the record.
 {¶ 23} This case is also distinguishable from cases where stipulations have been accepted as to sexual offender status. In State v.Davidson, the trial court properly accepted a stipulation to sexual offender status where the court assured that the defendant was aware of the consequences of the stipulation. State v. Davidson, 5th Dist. No. 2001CA00386, 2002-Ohio-2887. It is also important to note that in Davidson, there was no question, as in the present case, as to whether the stipulation was to prior sex offender status, or based on the evidence in the case at bar.
 {¶ 24} In the present case, there is little in the record to determine if the stipulation was intended to be based on the facts of the present case, or based on Moore's alleged prior adjudication as a sexual predator.[4] Here, the State and Moore have stipulated to a conclusion of law without any supporting facts from the present case; therefore, the *Page 14 
stipulation is insufficient to overcome the conclusion that the trial court did not follow the statutory requirements of R.C. 2950.09(B)(2) in classifying Moore as a sexual predator. Accordingly, Moore's second assignment of error is sustained.
 Third Assignment of Error {¶ 25} In his third assignment of error, Moore argues that the trial court erred in failing to consider the purposes and principles of R.C. 2929 et. seq. in imposing sentences in both cases. Specifically, Moore argues that the trial court failed to discuss the factors it considered in sentencing.
 {¶ 26} Because we are vacating the conviction as to the Failure to Appear charge and the sexual predator determination, and because it is impossible to determine to what extent the trial court considered those matters in its overall sentencing scheme, we must vacate the sentence in both cases. As a result, Moore's third assignment of error is moot.
 {¶ 27} Based on the foregoing, the judgment of the Court of Common Pleas of Hardin County, Ohio, in case no 20062078-CRI, finding and designating Moore to be a sexual predator and sentencing him to fifteen months in prison is vacated and remanded for proceedings consistent with this opinion. The plea of guilty and conviction in case no. 20062078-CRI is affirmed. The judgment of conviction and sentence the Court of *Page 15 
Common Pleas of Hardin County, Ohio in case no. 20072002-CRI is also vacated and remanded for proceedings consistent with this opinion.
ROGERS, P.J., and PRESTON, J., concur.
[1] Ohio Crim. R. 32.1 governs the withdrawal of guilty pleas and provides that "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This rule has been interpreted to allow the liberal withdrawal of pre-sentence guilty pleas. State v. Xie (1992), 62 Ohio St.3d 521, 526,584 N.E.2d 715. Although, as the court noted in Xie, "[o]ne who enters a guilty plea has no right to withdraw it." Id. Withdrawal of plea after sentencing is available only to correct a "manifest injustice." Crim. R. 32.1.
[2] We note that R.C. 2950.01 has been amended by 2007 Ohio Laws File 10 (Am. Sub. S.B. 10), bill effective date: June 30, 2007.
[3] We note that R.C. 2950.09 has been amended by 2007 Ohio Laws File 10 (Am. Sub. S.B. 10), bill effective date: June 30, 2007.
[4] As noted earlier, the parties mention in the record that Moore had been previously adjudicated a sexual predator. However, no evidence of Moore's status as a sexual predator was introduced at sentencing, and the record contains no specific evidence such as a prior judgment entry. Additionally, unlike in State v. Ryan, 6th Dist. No. L-05-1165, 2006-Ohio-2927, the trial court specifically found that Moore was a sexual predator based on the facts of this case. See the January 18, 2007 Entry of Sentence where the court states "it was the agreement of the parties, and the finding of the Court by Clear and Convincing Evidence that Defendant is a Sexual Predator on the facts of this case." *Page 1