[Cite as *State v. Grier*, 2011-Ohio-902.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### CRAWFORD COUNTY

STATE OF OHIO,                                             CASE NO. 3-10-09

    PLAINTIFF-APPELLEE,

  v.

WILLIE GRIER,                                             **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 08-CR-0093

**Judgment Affirmed**

Date of Decision:  February 28, 2011

APPEARANCES:

    *Stanlee E. Culbreath* **for Appellant**

    *Clifford J. Murphy* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Willie D. Grier (hereinafter "Grier"), appeals the judgment of conviction and sentence entered against him by the Crawford County Court of Common Pleas, which found him guilty of possession of drugs and sentenced him to two years imprisonment. For the reasons that follow, we affirm.

{¶2} On June 11, 2008, Grier was indicted by the Crawford County Grand Jury on one count of possession of drugs in violation of R.C. 2925.11(C)(4)(c), a felony of the third degree. On June 16, 2008, Grier entered a plea of not guilty to the charge in the indictment.

{¶3} On June 17, 2009, as part of a negotiated plea agreement, a hearing was conducted during which time Grier withdrew his previously entered not guilty plea and entered a plea of guilty to the charge in the indictment. According to the terms of the plea agreement, Grier agreed to plead guilty to the charge in the indictment, while the State agreed to recommend a mandatory one year prison term at sentencing. The trial court found Grier guilty, continued the matter for sentencing, ordered that a pre-sentence investigation ("PSI") be conducted, and ordered that Grier's bond be continued until sentencing.

{¶4} On August 17, 2009, a sentencing hearing was held; however, Grier failed to appear. Consequently, a warrant was issued for Grier's arrest.

{¶5} On February 22, 2010, Grier was arrested in Richland County for possession of drugs and was held on Crawford County's detainer. On March 1, 2010, Grier was conveyed to the Crawford County Court of Common Pleas, pursuant to the detainer, for purposes of sentencing. The State advised Grier, both off and on the record, that it would not honor the one year negotiated prison term based on Grier's flight. The State agreed to allow Grier to withdraw his guilty plea, and the trial court advised Grier of his right to withdraw his guilty plea based on the State's actions. Nevertheless, Grier refused to withdraw his guilty plea, and ultimately, the trial court sentenced Grier to two years imprisonment.

{¶6} Grier now appeals pro se raising one assignment of error. Additionally, on September 24, 2010, we granted Grier's appellate counsel leave to file a supplemental appellate brief, which he filed on November 22, 2010. As a result, Grier's appellate counsel raises five supplemental assignments of error. For ease of our discussion, because they are the same assignments of error, we elect to address Grier's pro se assignment of error and Grier's appellate counsel's first assignment of error together.

### PRO SE ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, BY FAILING TO COMPLY WITH THE MANDATES OF RULE 11 OF THE OHIO RULES OF CRIMINAL PROCEDURE IN THAT THE TRIAL COURT DID NOT HOLD A CRIMINAL RULE 11, GUILTY PLEA**

HEARING. THUS, VIOLATING APPELLANT'S 14TH AMENDMENT RIGHTS TO DUE PROCESS CLAUSE.

**SUPPLEMENTAL ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, BY FAILING TO COMPLY WITH THE MANDATES OF RULE 11 OF THE OHIO RULES OF CRIMINAL PROCEDURE IN THAT THE TRIAL COURT DID NOT HOLD A CRIMINAL RULE 11, GUILTY PLEA HEARING. THUS, VIOLATING APPELLANT'S 14TH AMENDMENT RIGHTS TO DUE PROCESS CLAUSE [SIC].**

**{¶7}** In his only pro se assignment of error, Grier argues that the trial court failed to comply with Crim.R. 11 during his change of plea hearing on June 15, 2009. In response, the State claims that the trial court did comply with Crim.R. 11, and while Grier's appellate counsel presents the same assignment of error in his supplemental brief, Grier's appellate counsel agrees with the State that the trial court did properly comply with Crim.R. 11.

**{¶8}** Before accepting a guilty plea, Crim.R. 11 requires the trial court to personally address a defendant to determine if the plea is voluntary, and that the defendant understands both the plea itself as well as the rights waived by pleading guilty. Crim.R. 11(C)(2). Specifically, Crim.R. 11(C)(2)(c) provides that the duty of the court extends to:

> **Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt**

**beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.**

"Although using the exact language of Crim.R. 11 is not required, the court must advise the defendant that a plea of guilty waives each of these rights." *State v. Graham,* 3rd Dist. No. 14-04-28, 2005-Ohio-1431, ¶8, citing *State v. Ballard* (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. In reviewing the sufficiency of a Crim.R. 11 colloquy, the Court will apply different standards depending on whether the violation stemmed from a failure to inform a defendant of the constitutional rights delineated in Crim.R. 11(C)(2)(c) or whether the failure was to comply with the other requirements of Crim.R. 11(C). Id. at ¶¶8-9.

{¶9} With regard to the constitutional rights enumerated in Crim.R. 11, "a guilty plea is constitutionally infirm when the defendant is not informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses in his behalf." *Ballard*, 66 Ohio St.2d at 478. This rule does not extend to require a court to use the exact language of Crim.R. 11, but the court must advise the defendant of each right waived by the guilty plea. *Ballard*, 66 Ohio St.2d at 480.

{¶10} With regard to the non-constitutional requirements of Crim.R. 11, this Court looks at whether the trial court substantially complied with the requirements of Crim.R. 11 and will not reverse unless prejudice occurred. *State*

*v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶¶14-17; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶¶19-23; *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12.  "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Moore*, 3d Dist. Nos. 6-07-03, 6-07-04, 2007-Ohio-6018, ¶12.  See, also, *Sarkozy*, 2008-Ohio-509, at ¶20, quoting *Griggs*, 2004-Ohio-4115, at ¶12.  "'The test for prejudice is 'whether the plea would have otherwise been made.'" *Sarkozy*, 2008-Ohio-509, at ¶20, quoting *Griggs*, 2004-Ohio-4415, at ¶12.

{**¶11**} In particular, in his pro se appellate brief Grier argues that, since there is no record of his change of plea hearing evidencing the trial court's Crim.R. 11 compliance, we must find that he was consequently "not afforded his constitutional right to Due Process because he was never informed of his constitutional rights by the trial court judge personally as required by Criminal Rule 11 (C)(2)(a), (b), and (c)."  (Pro Se Appellate Brief at 6).  However, the appellant is responsible for obtaining and timely delivering to the Clerk of the trial court a complete transcript of the proceedings.  App.R. 9.  At the time Grier filed his pro se brief, he had failed to file a transcript of the change of plea hearing, thus, without that transcript, we would have to presume regularity occurred during those proceedings.  *State v. Helton*, 3d Dist. No. 6-08-01, 2008-Ohio-1146, ¶19,

citing App.R. 9; Loc.R. 5; *State v. Moore*, 3d Dist. No. 14-06-43, 2007-Ohio-1763, ¶8, citing *State v. Miyamoto*, 3d Dist. No. 14-05-43, 2006-Ohio-1776, ¶11, quoting *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617.

{¶12} Nevertheless, this Court allowed Grier's appellate counsel to file a supplemental brief and to supplement the record. Along with his appellate brief, Grier's appellate counsel filed transcripts of the change of plea and sentencing hearing. Therefore, contrary to Grier's claims, there is a record of the trial court's Crim.R. 11 colloquy to Grier at the change of plea hearing. Furthermore, after review of the transcript, we find that the trial court fully complied with the mandates of Crim.R. 11. Throughout the Crim.R. 11(C) inquiry, the trial court repeatedly asked Grier if he understood what he was being told and whether he had any questions. (June 17, 2009 Tr. at 4-14). Grier repeatedly stated that he understood and had no questions. (Id.). The trial court also allowed Grier time to consult with his trial counsel with any additional questions. (Id.). After being fully informed of the rights he was forgoing by pleading guilty and the possible penalties involved, Grier entered his plea of guilty to the sole count in the indictment pursuant to a written plea agreement. (Id. at 12). In addition, the written plea agreement also provided Grier with notice of his rights and the possible penalties involved. (Doc. No. 40). As a result, we find Grier's argument lacks merit.

{¶13} Grier's pro se assignment of error and his first supplemental assignment of error are, therefore, overruled.

**SUPPLEMENTAL ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED TO THE PREJUDICE AND DETRIMENT OF THE APPELLANT, BY OVERRULING DEFENSE ATTORNEY'S ARGUMENT THAT DEFENDANT WAS PARTY TO A PLEA AGREEMENT THAT WAS ENTITLED TO SPECIFIC PERFORMANCE.**

**SUPPLEMENTAL ASSIGNMENT OF ERROR NO. III**

**THAT DEFENDANT'S VOLUNTARY ABSENCE AND NON-APPEARANCE AT THE AUGUST 17, 2009 HEARING DID NOT VIOLATE THE TERMS AND CONDITIONS OF HIS JUNE 17, 2009 CONTRACT PLEA AGREEMENT WITH THE STATE OF OHIO SUFFICIENT TO ALLOW THE STATE OF OHIO AND/OR THE TRIAL COURT TO RESCIND DEFENDANT-APPELLANT'S OTHERWISE VALID JUNE 17, 2009 CONTRACT PLEA AGREEMENT, ALL TO DEFENDANT'S DETRIMENT.**

{¶14} In his second and third supplemental assignments of error, Grier's appellate counsel claims that the trial court erred by failing to accept the original plea agreement entered into between Grier and the State on June 17, 2009, on the basis that Grier had violated the terms and conditions of the agreement when he failed to appear at the sentencing hearing on August 17, 2009.

{¶15} At the March 1, 2010 sentencing hearing, the State informed the trial court that it had entered into a plea agreement with Grier, in which it had promised to recommend only a mandatory one year prison term in exchange for Grier's

guilty plea. (Mar. 1, 2010 Tr. at 3). Despite this agreement, the State told the trial court that it no longer wished to proceed with the terms of the plea agreement since it believed that Grier had violated the agreement when he had failed to show up for the original sentencing hearing scheduled for August 17, 2009. (Id. at 3-4). In response, Grier's trial counsel argued that Grier had not violated the terms of the agreement by failing to appear for sentencing back in 2009 and requested that the trial court enforce the terms of the agreement as it had been signed and agreed to by the parties. (Id. at 4-5).

{¶16} The trial court disagreed with Grier's trial counsel and found that it was reasonable for the State to withdraw from the original plea agreement since Grier had failed to appear for the 2009 sentencing. (Id. at 5). In light of its ruling, the trial court went on to state: "[a]nd that's my ruling, the State is not bound to the plea agreement which means if you do want to proceed to sentencing today, you do so without the State's recommendation of one year. Or I guess you have the opportunity to attempt to withdraw your plea if you want to do that." (Id.). Then, the trial court allowed Grier time to consult with his trial counsel regarding the options available to him, and after talking to his trial counsel, Grier said that he still wished to go forward with the sentencing and not withdraw his previously tendered guilty plea. (Id. at 6). Thereafter, with respect to its sentencing recommendation, the State recommended a mandatory prison term of no less than

two years, and after allowing Grier and his trial counsel to make their comments, the trial court imposed a mandatory prison term of two years. (Id. at 10-12).[1]

{¶17} On appeal, Grier's appellate counsel argues that the trial court erred when it found that Grier had breached the plea agreement by failing to appear for the original sentencing hearing in 2009, and, that as a result, the State was no longer bound to the terms of the plea agreement. We disagree.

{¶18} A plea agreement is a contract between the prosecution and a criminal defendant, and thus, is governed by the principles of contract law. *State v. Milligan*, 3d Dist. No. 16-08-04, 2008-Ohio-4509, ¶16, citing *State v. Adkins*, 161 Ohio App.3d 114, 2005-Ohio-2577, 829 N.E.2d 729, ¶7 (citations omitted). Accordingly, if one side breaches the agreement, then the other side is entitled to either rescission or specific performance of the plea agreement. *State v. Walker*, 6th Dist. No. L-05-1207, 2006-Ohio-2929, ¶13, citing *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. Moreover, "Ohio courts have generally held that if a defendant fails to appear at the sentencing hearing, the defendant is in breach of any plea agreement." *Adkins*, 2005-Ohio-2577, at ¶8. See, also, *State v. Bonner*, 3d Dist. Nos. 4-04-05, 4-04-06, 4-04-07, 2004-Ohio-6043, ¶17. The appearance of a defendant at a scheduled hearing date is "an

---

[1] During the sentencing hearing, Grier's trial counsel noted his objection to the trial court's decision overruling his argument that Grier had not violated the plea agreement and that the State was still bound to the terms of the plea agreement. (Mar. 1, 2010 Tr. at 14).

implied covenant in any plea agreement." Id. at ¶9, citing *State v. Hess* (Dec. 24, 1991), 4th Dist. No. 515 (Harsha, J., concurring). In *Milligan*, with facts almost identical to the case *sub judice*, this Court explicitly held that when the defendant failed to appear for a scheduled sentencing hearing, he had violated the terms of his plea agreement with the prosecution, and thus, the prosecution was free to recommend a prison term, even though it had originally agreed to only recommend community control or an OR bond in the original plea agreement. 2008-Ohio-4509, at ¶¶14-19.

**{¶19}** Here, Grier did not appear at the sentencing hearing scheduled for August 17, 2009. As a result, the trial court issued a warrant for Grier's arrest, and Grier remained absent for several months, until his arrest in Richland County on February 22, 2010. Accordingly, we find that Grier violated his plea agreement with the prosecution when he failed to appear at the original sentencing hearing. Because Grier violated the plea agreement, the prosecution was free to rescind the plea agreement and to no longer be bound to the terms of the original plea agreement. Therefore, it was free to recommend a longer prison term.

**{¶20}** Grier's supplemental second and third assignments of error are, therefore, overruled.

### SUPPLEMENTAL ASSIGNMENT OF ERROR NO. IV

**THAT THE ASSISTANT PROSECUTOR FOR THE STATE OF OHIO IMPROPERLY BREADED [SIC] THE VALID**

**JUNE 17, 2009 CONTRACT PLEA AGREEMENT ENTERED INTO WITH DEFENDANT-APPELLANT BY MAKING EXTRANEOUS REMARKS OF AN EGREGIOUS NATURE ABOUT DEFENDANT-APPELLANT'S ABSENCE FROM THE LOWER COURT'S JURISDICTION AT THE MARCH 1, 2010 SENTENCING HEARING.**

{¶21} In his fourth supplemental assignment of error, Grier's appellate counsel argues that the prosecutor's remarks constituted "obvious error" because they were "tantamount to a recommendation of the more severe penalty * * * [and] the trial court would not have imposed the more severe sentence but for the prosecutor's remarks." (Supplemental Appellate Brief at 11).

{¶22} When asked to give the State's recommendation for Grier's sentence, the prosecutor stated as follows:

> **Your Honor, the activity is an F3 possession of cocaine, 6.58 grams of crack cocaine. His prior record is aggravated trafficking F3 in 1993; assault on a peace officer F4 in 2000; another assault F4 in 2001; possession of cocaine in 2001; falsification, 2001.**
>
> **He's gone for the better part of six months when he knew that he had a sentencing obligation. He signed forms, you know, both for his bonding company and also was advised on the record of his requirements to appear at various hearings, including the sentencing hearing. He decided he wasn't gonna do it.**
>
> **We believe the prison term is appropriate in this case. The statute calls for a mandatory term of incarceration. We believe that no less than two years is appropriate based on his conduct.**

(Mar. 1, 2010 Tr. at 9-10).

**{¶23}** Grier's appellate counsel claims that the prosecutor's remarks were obvious error since they were "tantamount to a recommendation of the more severe penalty." In support of his position, appellate counsel cites the case of *State v. Kline*, 2nd Dist. No. 2009-CA-02, 2010-Ohio-3913, in which the Second District Court of Appeals found that the prosecutor had breached the terms of the plea agreement by emphasizing the egregious nature of the crimes committed by the defendant, which effectively had served as a recommendation for a more severe sanction. 2010-Ohio-3913, ¶4.

**{¶24}** In *Kline*, the defendant agreed to plead guilty to three counts of raping a child under the age of ten in exchange for the State's dismissal of nine similar counts and its promise not to recommend a sentence of life without parole. Id. at ¶3. At the sentencing hearing, while the prosecutor correctly advised the trial court that the only sentencing options were fifteen years to life or life without parole on each count, the prosecutor then went on to highlight the egregious nature of the offenses and the severe effect that the defendant's conduct had had on the three young victims. Id. Consequently, the trial court imposed three consecutive sentences of life without parole. Id. However, on appeal, the Second District Court of Appeals agreed with the defendant that the prosecutor had breached the plea agreement because by emphasizing "the egregious nature of the crimes" he

had been essentially recommending the more severe sentence of life without parole.[2]  Id. at ¶4.

{¶25} While the prosecutor in this case did recommend a longer prison term of two years instead of one year, we disagree with Grier's appellate counsel's arguments and find the *Kline* case not dispositive.  First of all, unlike the case in *Kline* where the State had still been bound to the terms of the plea agreement, here the State was *no longer bound* to the plea agreement with Grier at the March 1, 2010 sentencing hearing since Grier had breached the original plea agreement by failing to appear for sentencing back in 2009.  Thus, here the prosecutor was free to recommend a longer prison sentence than one year.  Furthermore, we do not find any error with respect to the prosecutor's comments on March 1, 2010, and believe that his comments supported his new recommendation of two years in prison.  The prosecutor in *Kline* explicitly and in great detail emphasized the horrendous nature of the defendant's crimes.  2010-Ohio-3913, at ¶6.  Here, the prosecutor only mentioned Grier's past offenses, which were contained within the PSI before the trial court for purposes of sentencing.  In addition, the prosecutor briefly highlighted the fact that Grier had failed to appear for the original

---

[2] While the court found that the State had breached the terms of the plea agreement, because the defendant had failed to object to the prosecutor's comments, the court also found that the defendant had waived all but plain error and overall that the defendant had failed to show how he had been prejudiced by the prosecutor's breach. *Kline*, 2010-Ohio-3913, ¶¶4-10.

sentencing hearing and had been absent for the past six months, a fact that was well within the trial court's knowledge.

{¶26} Therefore, Grier's supplemental fourth assignment of error is overruled.

### SUPPLEMENTAL ASSIGNMENT OF ERROR NO. V

**THAT THE TRIAL COURT COMMITTED A BREACH OF CONTRACT AND PLAIN ERROR BY SENTENCING DEFENDANT-APPELLANT TO A TERM OF INCARCERATION GREATER THAN ONE YEAR, SUFFICIENT TO SPECIFIC PERFORMANCE OF DEFENDANT-APPELLANT'S JUNE 17, 2009 CONTACT PLEA AGREEMENT, AND TO JUSTIFY REMAND OF THIS CASE TO THE TRIAL COURT FOR SPECIFIC PERFORMANCEMENT [SIC].**

{¶27} In the last supplemental assignment of error, Grier's appellate counsel argues that the trial court committed a breach of contract and plain error by sentencing Grier to an enhanced sentence of two years imprisonment rather than the one year imprisonment sentence agreed to in the plea agreement. In support of his argument, Grier's appellate counsel cites to *State v. Vari*, 7th Dist. No. 07-MA-142, 2010-Ohio-1300.

{¶28} In *Vari*, the defendant and the prosecution entered into a plea agreement in which the defendant agreed to plead guilty to each of the counts in the indictment in exchange for the prosecution agreeing to recommend a four-year prison term at sentencing. 2010-Ohio-1300, at ¶3. During the change of plea

hearing, the trial court explicitly agreed to adopt the sentencing recommendation based on the assurances that the police officers involved had agreed to and did not object to the terms. Id. When it came time to the sentencing hearing, the defendant expressed his desire to withdraw his guilty plea. Id. at ¶4. At that point, the trial court cautioned the defendant and informed him that if the defendant went ahead with his motion to withdraw his guilty plea and if the trial court ultimately denied his motion, then the trial court would no longer be bound by the plea agreement and would be free to impose whatever sentence was allowed by law regardless of any recommendations. Id. The defendant moved to withdraw his guilty plea and the trial court overruled his motion. Id. Thereafter, the trial court imposed an aggregate eight-year term of imprisonment. Id. at ¶5. On appeal, the Seventh District Court of Appeals reversed and found as follows:

> **In this case, the trial court promised to sentence Vari to four years in exchange for his guilty plea. Admittedly, Vari *attempted* first to breach the agreement by moving to withdraw his guilty plea. However, the trial court made it impossible for him to breach by denying the motion to withdraw. Consequently, because Vari's performance under the agreement remained, the trial court should have sentenced him in accordance with the plea agreement. Since the trial court determined that sentencing Vari in accordance with the plea agreement was no longer appropriate, Vari was entitled to either rescission or specific performance. Under the unique facts and circumstances of this case and given Vari's assigned error, we find that the trial court erred in overruling the motion to withdraw.**

Id. at ¶30 (emphasis in original)(internal citations omitted).

**{¶29}** While Grier's appellate counsel cites to *Vari* in support of his position that the trial court breached the plea agreement by failing to impose the agreed-upon one year prison sentence, we find *Vari* distinguishable from the facts of this case. First of all, in *Vari* the trial court had explicitly agreed to impose the recommended sentence at the change of plea hearing. 2010-Ohio-1300, at ¶3. In this particular case, the trial court explicitly did *not* agree to impose the agreed upon recommended sentence.[3] In fact, at the change of plea hearing, the trial court informed Grier as follows:

> **The Court: Okay. Do you understand that technically the Court is not a party to your agreement, it is strictly between you and your lawyer and the Prosecutor; do you understand that?**
> **The Defendant: Well –**
> **The Court: That means you don't see my signature on it. The Court is not bound by the agreement, you and your lawyer are and the State is. That means I could change it if I wanted to.**
> **The Defendant: Right.**

(June 17, 2009 Tr. at 5-6). Other appellate courts have held that "'[w]hen a trial court promises a certain sentence, that promise becomes like an inducement to enter a plea, and unless that particular sentence is given, then the plea is not voluntary.'" *State v. Layman*, 2nd Dist. No. 22307, 2008-Ohio-759, ¶15, quoting *State v. Bonnell*, 12th Dist. No. CA2001-12-094, 2002-Ohio-5882, ¶18, citing

---

[3] We acknowledge that the written plea agreement stated that in exchange for his guilty plea "[t]he defendant *will be sentenced to one year prison* with credit for time served." (Plea Agreement, Doc. No. 40) (emphasis added). However, we note that only Grier, his defense counsel, and the assistant prosecutor signed the written plea agreement, and at the change of plea hearing, the trial court clearly informed Grier that it was not bound by the plea agreement. Moreover, Grier was given the opportunity to withdraw his guilty plea at the sentencing hearing, but elected to go forward. Thus, we find that the outcome would still be the same, regardless of the language used in the plea agreement.

*State v. Triplett* (Feb. 13, 1997), 12th Dist. No. 69237. Consequently, when a trial court promises to impose a particular sentence, it commits reversible error when it ultimately fails to impose the promised sentence. *Layman*, 2008-Ohio-759, at ¶15, quoting *Bonnell*, 2002-Ohio-5882, at ¶18. However, it is clear that in this particular case the trial court did not agree to impose the recommended sentence; therefore, it did not commit any error when it did not impose the one year prison term agreed upon in the plea agreement.

{¶30} Furthermore, and most importantly, unlike the case in *Vari* where the defendant had only "attempted" to breach his plea agreement, here Grier actually breached his plea agreement prior to being sentenced when he failed to appear to the scheduled sentencing hearing on August 17, 2009. Because Grier clearly breached the plea agreement when he failed to appear at the original sentencing hearing, the State was entitled to rescind the plea agreement. Even when the State chose to rescind the plea agreement, the trial court still allowed Grier the opportunity to withdraw his guilty plea; however, Grier chose to go forward with sentencing, even though the plea agreement was no longer on the table.

{¶31} Therefore, based on the above, we find that the trial court did not commit any breach when it imposed the two year prison term, rather than the one year prison term pursuant to the plea agreement because the trial court was not

bound by the plea agreement, and further because the plea agreement had been breached due to Grier's failure to appear at the original sentencing hearing.

{¶32} Grier's fifth supplemental assignment of error is, therefore, overruled.

{¶33} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jnc**