DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Leardrus Burris, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms the trial court's judgment, but remands for resentencing.
 I. {¶ 2} Leardrus Burris led two Akron police officers on a high speed chase through Akron, Ohio, in May 2007. Burris drove off the side of the road, appearing to hit a telephone pole, and the pursuing police car pulled up behind the stopped car. The passenger jumped from the car and fled on foot, prompting a police officer to exit his vehicle to give chase. Before the officer could pursue the passenger, however, Burris sped backward toward the officer, pinning him between the two cars. Burris then drove away, parked the car, and ran on foot. Burris was found a short time later. *Page 2 
 {¶ 3} A jury heard testimony from several witnesses, including the officer Burris struck with a car. The State also played audiotapes of telephone conversations in which Burris participated while incarcerated at the Summit County Jail. After hearing the evidence, the jury found Burris guilty of felonious assault, failure to comply with the order or signal of a police officer, and obstructing official business.
 {¶ 4} Burris timely appealed the trial court's judgment, asserting three assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "MR. BURRIS' STATE CONSTITUTIONAL RIGHT TO A GRAND JURY INDICTMENT AND STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN HIS INDICTMENT FOR FAILURE TO COMPLY WITH ORDER OR SIGNAL OF POLICE OFFICER OMITTED AN ELEMENT OF THE OFFENSE."
 {¶ 5} In his first assignment of error, Burris argues that his indictment omitted the mens rea element of the offense. We do not agree.
 {¶ 6} Burris was indicted for failure to comply with order or signal of police officer in violation of R.C. 2921.331(B). This section provides that "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." In count two of the indictment, Burris was charged with committing "the crime of failure to comply with order or signal of police officer in that he did operate a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop * * *." The language of the indictment mirrors the language of the statute. *Page 3 
Thus, if the language of the statute contains a mens rea element, the indictment also contains a mens rea element.
 {¶ 7} In State v. Fairbanks, 117 Ohio St.3d 543, 2008-Ohio-1470, the Ohio Supreme Court discussed the elements of R.C. 2921.331(B). The Court concluded that "R.C. 2921.331 specifies the degree of culpability as willful * * *." Id. at ¶ 14.
 {¶ 8} Burris argues, relying on appellate court decisions predatingFairbanks, that the mens rea is recklessness and, because the indictment fails to include this element, the indictment was defective. The mens rea for the offense, however, is "willful" and it was properly included in the indictment.
 {¶ 9} Burris's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN NOT GRANTING A CRIMINAL RULE 29 ACQUITTAL AT THE CONCLUSION OF THE STATE'S CASE AS THE EVIDENCE PRESENTED WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR FELONIOUS ASSAULT."
 ASSIGNMENT OF ERROR III "THE VERDICT FINDING LEARDRUS BURRIS GUILTY OF FELONIOUS ASSAULT IN VIOLATION OF OHIO REVISED CODE 2903.11(A)(2) IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AS SUCH THE VERDICT SHOULD BE REVERSED."
 {¶ 10} In his second and third assignments of error, Burris argues that his conviction for felonious assault was not supported by sufficient evidence and was against the manifest weight of the evidence. We do not agree.
 {¶ 11} Crim. R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim. R. 29(A) if the record demonstrates *Page 4 
"that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
 {¶ 12} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Further
 "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
Therefore, we will address Burris's claim that his convictions were against the manifest weight of the evidence first, as it is dispositive of his claim of insufficiency.
 {¶ 13} A determination of whether a conviction is against the manifest weight of the evidence does not permit this Court to view the evidence in the light most favorable to the State to determine whether the State has met its burden of persuasion. State v. Love, 9th Dist. No. 21654,2004-Ohio-1422, at ¶ 11. Rather,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. *Page 5 
 {¶ 14} Felonious assault under R.C. 2903.11(A)(2) provides that no person shall knowingly cause serious physical harm to another. Burris argues only that the evidence does not show that he acted knowingly; he does not challenge the other elements of the offense and we, therefore, do not consider them.
 {¶ 15} Burris points to two specific statements from the trial to support his position: (1) before his car struck the officer, it was rolling backward, and (2) when interviewed at the police station, he said he was not aware that he struck an officer with his vehicle. Our review of the record demonstrates that Burris acted knowingly.
 {¶ 16} According to the testimony, in May 2007, Officers Sinsely and Metzger responded to the scene of a reported fight. When they arrived, the participants had already left the area. Later in the evening, they responded to the same location, this time in response to a fight involving guns. The police dispatcher reported the descriptions of two vehicles involved, one of which was a black PT Cruiser. When the officers arrived at the scene, they saw both vehicles. The cars' occupants were standing around the vehicles until they saw the police car arrive, at which time they jumped in their cars. The PT Cruiser drove away.
 {¶ 17} Office Metzger drove the police car and pursued the fleeing PT Cruiser. He activated the lights and sirens on the police cruiser. The PT Cruiser raced through a number of intersections, eventually leaving the roadway, coming to rest just off the road near a sidewalk and telephone pole.
 {¶ 18} The police car stopped behind the PT Cruiser. The PT Cruiser's passenger jumped from the car and fled on foot. Officer Sinsley exited the police car to chase the passenger. Officer Metzger yelled for Officer Sinsley to watch out and Officer Sinsley looked toward the PT Cruiser. Burris, driving the PT Cruiser, had one hand over the passenger seat as *Page 6 
he looked backward out the rear window. Burris looked directly at Officer Sinsley as he drove back toward the police car. Officer Sinsely testified that he and Burris looked each other in the eyes as Burris drove toward him.
 {¶ 19} Officer Sinsley tried to jump into the police car, but he was too late. The PT Cruiser hit the side of the police car and then the open police car door that Officer Sinsley was trying to enter. The police car door slammed on Officer Sinsley's shoulder. As the PT Cruiser continued back, Officer Sinsely became wedged between the two vehicles. The PT Cruiser pushed him into the body of the police car. Officer Sinsley managed to free himself and he ended up laying on the ground several feet behind the vehicles. The PT Cruiser continued to move backward, stopping against Officer Sinsley's leg. Burris then drove forward, continuing his flight from the police.
 {¶ 20} The officers got back into their car and again chased the PT Cruiser. Burris eventually abandoned the PT Cruiser and fled on foot. He was caught some time later by another police officer. When questioned at the police station, Burris said that he did not know that he hit anybody with his car. But other evidence — including a recording of one of his telephone conversations from the jail — proved otherwise. During one telephone call, Burris said several times that he hit a police officer.
 {¶ 21} Burris focused his argument on his lack of intent, but the evidence shows he acted knowingly. The testimony and evidence at trial demonstrated that Burris drove his PT Cruiser until it stopped off the side of a road. Burris turned in the driver's seat to look out the rear window. He looked directly at Officer Sinsley as he exited his police car. Burris put the PT Cruiser in reverse and drove straight back at Officer Sinsley. Burris struck the police car and hit the door Officer Sinsley was trying to reenter. Burris continued back in the PT Cruiser, crushing *Page 7 
Officer Sinsley between the PT Cruiser and the police car. Burris struck the police car in several places and struck Officer Sinsley with such force that his body left an impression on the side of the police car. Burris then drove away, leaving Officer Sinsley on the road. Later, Burris told someone during a recorded jail telephone conversation that he "hit a cop." He did not say that the collision was accidental or unintentional.
 {¶ 22} The evidence demonstrates that Burris knowingly struck Officer Sinsley. As Burris has not challenged the evidence on any other element of the offense, we find that his conviction was not against the manifest weight of the evidence. As we have disposed of his claim regarding the manifest weight of the evidence, we similarly dispose of his sufficiency argument. See Roberts, supra. Burris's second and third assignments of error are overruled.
 Post-Release Control {¶ 23} Although not assigned as error, the State noted in its brief that the trial court did not notify Burris about post-release control at the sentencing hearing. After reviewing the sentencing hearing transcript, we agree.
 {¶ 24} "When a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, syllabus. The sentencing entry includes notice of post-release control as part of the sentence, but the trial court did not notify Burris of this requirement at the sentencing hearing. As a result, the sentence is void, and this matter must be remanded for the trial court to resentence Burris. Id. at ¶ 13. *Page 8 
 III. {¶ 25} Burris's assignments of error are overruled. Because the trial court did not notify Burris about post-release control, his sentence is void and he must be resentenced. Thus, the judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for resentencing.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed equally to both parties.
DICKINSON, J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1