[Cite as *State v. Vari*, **2010-Ohio-1300**.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                    )
                                  )
        PLAINTIFF-APPELLEE,        )
                                  )
VS.                               )        CASE NO. 07-MA-142
                                  )
TIMOTHY VARI,                     )        OPINION
                                  )
        DEFENDANT-APPELLANT.       )

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Court of Common
                                   Pleas of Mahoning County, Ohio
                                   Case No. 07CR470

JUDGMENT:                          Reversed and Remanded
                                   Plea Vacated

APPEARANCES:
For Plaintiff-Appellee             Paul Gains
                                   Prosecutor
                                   Ralph M. Rivera
                                   Assistant Prosecutor
                                   21 W. Boardman St., 6th Fl.
                                   Youngstown, Ohio 44503-1426

For Defendant-Appellant            Attorney John P. Laczko
                                   4800 Market Street Suite C
                                   Youngstown, Ohio 44512

                                   Timothy Vari, Inmate #532-612
                                   Lake Erie Correctional Institution
                                   501 Thompson Road
                                   P.O. Box 8000
                                   Conneaut, Ohio 44030

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                   Dated: March 23, 2010

DONOFRIO, J.

{¶1} Defendant-appellant, Timothy Vari, appeals his conviction in the Mahoning County Common Pleas Court following his guilty plea to two counts of felonious assault, one count of failure to comply with an order or signal of a police officer, one count of receiving stolen property, and one count of possession of cocaine. Vari argues that the trial court erred in denying his presentence motion to withdraw his guilty pleas and that the indictment was defective for failing to expressly charge the mens rea element for the count of failure to comply with an order or signal of a police officer. He also alleges ineffectiveness of trial counsel, inadequate access to a law library or persons trained in the law, and that his guilty plea was coerced.

{¶2} On April 26, 2007, a Mahoning County grand jury indicted Vari on five counts: Counts one and two – felonious assault (on a police officer) in violation of R.C. 2903.11(A)(2)(D), first-degree felonies; Count three – failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B)(C)(1)(4), a fourth-degree felony; Count four – receiving stolen property in violation of R.C. 2913.51(A)(C), a fourth-degree felony; and Count five – possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a fifth-degree felony. Vari pleaded not guilty and was appointed counsel. The case proceeded to discovery and other pretrial matters.

{¶3} On June 12, 2007, Vari and plaintiff-appellee, State of Ohio, entered into a plea agreement. In exchange for Vari's guilty pleas to each of the counts in the indictment, the state agreed to recommend a four-year term of imprisonment. The court also explicitly agreed to adopt that sentencing recommendation based on assurances that the police officers involved had agreed to it and did not object to it. The court ordered a presentence investigation and set the matter for a sentencing hearing.

{¶4} The case proceeded to sentencing on August 8, 2007. The state spoke first, reciting all of the counts in the indictment to which Vari had pleaded guilty. The state then recommended a four-year term of imprisonment and indicated that the officers involved in the incident were agreeable with that term. The state also related that the presentence investigation report detailed Vari's lengthy criminal history, but

that the four-year term was nonetheless the recommended sentence everyone had agreed to. When the court asked Vari's counsel whether it was an agreed upon sentence, he indicated that he needed to consult with his client further. Subsequently, Vari's counsel addressed the court and related Vari's desire to withdraw his guilty pleas. Some brief confusion then arose about whether Vari actually wanted to withdraw his pleas. Vari seemed to want to present evidence in mitigation. The court cautioned Vari that under the terms of the agreed upon sentence that he would be unable to address those issues, and that if the court proceeded to hear his motion to withdraw his guilty pleas and deny it, then it would no longer be bound by the plea agreement and free to impose whatever sentence was allowed by law regardless of any recommendations. Vari made it clear then that he wanted to withdraw his pleas.

**{¶5}** The court then heard arguments from Vari and his counsel concerning the motion. The court overruled Vari's motion to withdraw after going through each of the factors looked at by appellate courts in reviewing rulings on such motions. The court then sentenced Vari to an aggregate eight-year term of imprisonment as follows: Count one (felonious assault) – four years; Count two (felonious assault) – three years, to be served consecutive to the sentence for count one; Count three (failure to comply with an order or signal of a police officer) – one year, to be served consecutive to the sentences for counts one and two; Count four (receiving stolen property) – one year, to be served concurrently with the sentence for count three but consecutive to the sentences for counts one and two; and Count five (possession of cocaine) – one year, to be served concurrently with the sentences for counts three and four but consecutive to the sentences for counts one and two. This appeal followed.

**{¶6}** Vari's appointed appellate counsel filed a brief setting forth two assignments of error. Subsequently, Vari filed a pro se supplemental brief raising an additional three assignments of error, which will be treated as the third, fourth, and fifth assignments of error, respectively.

**{¶7}** Vari's first assignment of error states:

**{¶8}** "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY REFUSING TO GRANT DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS PREVIOUS PLEA OF GUILTY WHERE SUCH REQUEST WAS MADE PRIOR TO THE IMPOSITION OF SENTENCE."

**{¶9}** In this case, there is no dispute that Vari's guilty plea was induced by a plea agreement. At the June 12, 2007 change of plea hearing, the trial court took an active role in setting forth the terms of the plea agreement and promised Vari that it would impose the four-year recommended sentence. Though the prosecutor had yet to arrive, the court commenced the hearing and recited the plea agreement for the record:

**{¶10}** "THE COURT: This is 07-CR-470, State versus Tim Vari. Present are the defendant with his counsel, Dennis DiMartino. The prosecuting attorney has not yet arrived. But a plea agreement was reached by the parties prior to this hearing, and the court will represent -- present it for the record. In return for a defendant's plea of guilty as charged to the offenses in the indictment, the State will recommend a sentence of four years in the penitentiary which the court has agreed to adopt. That recommendation -- that agreement is based on my understanding from the prosecuting attorney that the police officers involved would agree to that sentence; that they would not object to it; and that they feel that justice is served." (06/12/2007 Change of Plea Hearing, Tr. 2.)

**{¶11}** The court then continued with the standard Crim.R. 11 plea colloquy. Towards the end, the court reiterated its commitment to the plea agreement:

**{¶12}** "THE COURT: You also understand, though, that I agree to impose the sentence that is recommended by the State, that being a sentence of four years?

**{¶13}** "THE DEFENDANT: Yes, sir.

**{¶14}** "THE COURT: And that that is based on my understanding the police have no objection to that?

**{¶15}** "THE DEFENDANT: Yes, I do.

**{¶16}** "THE COURT: Okay. Now, that's also contingent upon your good behavior until the time of sentencing. We can't have you doing something you're not

supposed to do and then have to honor this agreement.

**{¶17}** "THE DEFENDANT:  Absolutely." (06/12/2007 Change of Plea Hearing, Tr. 10.)

**{¶18}** The prosecutor did not arrive until after the conclusion of the hearing. (06/12/2007 Change of Plea Hearing, Tr. 13.)

**{¶19}** It is well accepted that "[p]lea agreements are an essential and necessary part of the administration of justice." *State v. Carpenter* (1993), 68 Ohio St.3d 59, 61, 623 N.E.2d 66, citing *Santobello v. New York* (1971), 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427.  "Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons. It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pre-trial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned." *Santobello*, 404 U.S. at 261, 92 S.Ct. 495, 30 L.Ed.2d 427.

**{¶20}** The Federal Rules of Criminal Procedure and a number of courts in other states prohibit participation by a judge in plea bargain negotiations. Fed.R.Crim.P. 11(e); *State v. Byrd* (1980), 63 Ohio St.2d 288, 292-93, 407 N.E.2d 1384.  Upon examination of this issue, the Ohio Supreme Court cautioned, "although this court strongly discourages judge participation in plea negotiations, we do not hold that such participation per se renders a plea invalid under the Ohio and United States Constitutions." *Byrd*, 63 Ohio St.2d at 293, 407 N.E.2d 1384. See, also, *State v. Donald*, 7th Dist. No. 08 MA 154, 2009-Ohio-4368, ¶31 (cautioning that the trial court should not involve itself in plea negotiations).  In *Byrd*, the Court explained:

**{¶21}** "A judge's participation in the actual bargaining process presents a high potential for coercion.  The defendant often views the judge as the final arbiter of his fate or at the very least the person in control of the important environment of the courtroom.  He may be led to believe that this person considers him guilty of the

crime without a chance of proving otherwise. He may infer that he will not be given a fair opportunity to present his case. Even if he wishes to go to trial, he may perceive the trial as a hopeless and dangerous exercise in futility.

**{¶22}** "* * *

**{¶23}** "The unequal positions of the judge and the accused, one with the power to commit to prison and the other deeply concerned to avoid prison, at once raise a question of *fundamental fairness*. When a judge becomes a participant in plea bargaining he brings to bear the full force and majesty of his office. His awesome power to impose a substantially longer or even maximum sentence in excess of that proposed is present whether referred to or not. A defendant needs no reminder that if he rejects the proposal, stands upon his right to trial and is convicted, he faces a significantly longer sentence. One facing a prison term, whether of longer or shorter duration, is easily influenced to accept what appears the more preferable choice. Intentionally or otherwise, and no matter how well motivated the judge may be, the accused is subjected to a subtle but powerful influence." (Emphasis added; Internal Citations Omitted.) *Byrd*, 63 Ohio St.2d at 292, 407 N.E.2d 1384.

**{¶24}** Because the trial court generally is not a party to the plea negotiations and the contract itself, it is free to impose a sentence greater than that forming the inducement for the defendant to plead guilty so long as the court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor. *State v. Martinez,* 7th Dist. No. 03MA196, 2004-Ohio-6806, ¶8, citing *State v. Buchanan,* 154 Ohio App.3d 250, 253, 2003-Ohio-4772, 796 N.E.2d 1003, ¶13. However, once the trial court enters into the plea agreement by making a promise as the court did here, it becomes a party to the agreement and is bound thereby.

**{¶25}** At its core, a plea agreement is contractual in nature and subject to contract-law standards. *Santobello*, supra; *Baker v. United States* (C.A.6, 1986), 781 F.2d 85, 90. Moreover, the agreement should be construed strictly against the government. *State v. Namack,* 7th Dist. No. 01 BA 46, 2002-Ohio-5187, ¶25. In *Santobello,* the prosecutor promised to stand silent at sentencing in exchange for the

defendant's guilty plea. The prosecutor failed to keep that promise, and the United States Supreme Court held:

**{¶26}** "This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, *such promise must be fulfilled.*" *Santobello*, 404 U.S. at 262, 92 S.Ct. 495, 30 L.Ed.2d 427.

**{¶27}** The Court went on to conclude that upon breach of the agreement, the defendant is entitled to either rescission (i.e., withdrawal of their plea) or specific performance. *Santobello*, 404 U.S. at 263, 92 S.Ct. 495, 30 L.Ed.2d 427. See, also, *Ritchie v. State*, 12th Dist. No. CA2008-07-073, 2009-Ohio-1841; ¶9; *State v. Netherland,* 4th Dist. No. 08CA3043, 2008-Ohio-7007, ¶37; *State v. Walker*, 6th Dist. No. L-05-1207, 2006-Ohio-2929, ¶13.

**{¶28}** These principles apply equally to the situation where it is the trial court judge who makes a promise and fails to fulfill it. In *State v. Stanley* (Dec. 31, 1981), 8th Dist. No. 43469, the defendant agreed to plead guilty to two of four charges in exchange for the prosecution dropping the remaining two charges and the trial court judge's promise to sentence him to probation. At sentencing, the judge informed the defendant that he had changed his mind and told him he could be sentenced or withdraw his plea. The defendant withdrew his plea and later sought to enforce the terms of the plea agreement. The court denied the motion and, after the defendant pleaded guilty again, sentenced him to prison. On appeal, the Eighth District Court of Appeals reversed. The court analogized the case to *Santobello*:

**{¶29}** "In the present case, it was the judge, not the prosecutor, who failed to keep his promise. However, this is not a crucial difference. The failure of judges to keep their promises offends the integrity and reputation of the criminal justice system even more than unkept promises made by prosecutors. The need for the public to have confidence in judges requires that they be forced to keep the promises they

make. The judge in this case promised to give the appellant probation and the appellant relied on this when he pled guilty. The judge's promise was a major part of the reason why the appellant pled guilty. The breach of this promise was more detrimental than the prosecutor's breach in <u>Santobello</u>. It deprived the appellant of his freedom. The interests of justice require that judges be held to the same standards as prosecutors. Therefore, under <u>Santobello</u>, the appellant is entitled to either rescind his guilty plea or to get specific performance of the plea bargain."

**{¶30}** In this case, the trial court promised to sentence Vari to four years in exchange for his guilty plea. Admittedly, Vari *attempted* first to breach the agreement by moving to withdraw his guilty plea. However, the trial court made it impossible for him to breach by denying the motion to withdraw. Consequently, because Vari's performance under the agreement remained, the trial court should have sentenced him in accordance with the plea agreement. Since the trial court determined that sentencing Vari in accordance with the plea agreement was no longer appropriate, Vari was entitled to either rescission or specific performance. *Santobello*, supra. Under the unique facts and circumstances of this case and given Vari's assigned error, we find that the trial court erred in overruling the motion to withdraw.

**{¶31}** Accordingly, Vari's first assignment of error has merit.

**{¶32}** Vari's second assignment of error states:

**{¶33}** "THE DEFENDANT-APPELLANT'S STATE CONSTITUTIONAL RIGHT TO A GRAND JURY INDICTMENT AND STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN HIS INDICTMENT FOR FAILURE TO COMPLY WITH ORDER OR SIGNAL OF POLICE OFFICER PURSUANT TO R.C. 2921.331(B)(C)(1)(4) FAILED TO EXPRESSLY CHARGE THE MENS REA ELEMENT OF THE CRIME."

**{¶34}** Vari argues that under the Ohio Supreme Court's decision in *State v. Colon,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (*Colon I*), an indictment that fails to charge a mens rea is constitutionally defective, creates a structural error, and cannot be waived. He contends that the required mental state for failure to comply with an order or signal of a police officer is recklessness.

**{¶35}** In *Colon I*, the defendant was convicted of robbery in violation of R.C. 2911.02(A)(2). He appealed arguing that his indictment was defective because it failed to include an element of the offense. The indictment failed to include the mens rea required for robbery. The court of appeals did not address the defect in the indictment and instead held that the defendant waived the issue on appeal because he failed to raise the issue before his trial.

**{¶36}** The Ohio Supreme Court disagreed. It first pointed out that the indictment was defective because it failed to include the necessary mens rea. Id. at ¶10. It noted that the robbery statute did not set out a particular mens rea. However, it went on to conclude that recklessness was the required mental state for a robbery in violation of R.C. 2911.02(A)(2). Id. at ¶14.

**{¶37}** The Court went on to hold: "When an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment." *Colon I*, 118 Ohio St.3d at the syllabus. The Court found that in that particular case, a structural-error analysis applied due to the constitutional errors that permeated the defendant's trial.

**{¶38}** Here, Vari was indicted for failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B). That section reads, "No person shall operate a motor vehicle so as *willfully* to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." (Emphasis added.) Count three of Vari's indictment alleges, in part, that he "did operate a motor vehicle so as *willfully* to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop." (Emphasis added.) Thus, the language of the indictment mirrors the language of the statute. As the Ninth District observed in *State v. Burris*, 9th Dist. No. 24088, 2008-Ohio-4555, at ¶6, "if the language of the statute contains a mens rea element, the indictment also contains a mens rea element."

**{¶39}** In *State v. Fairbanks*, 117 Ohio St.3d 543, 885 N.E.2d 888, 2008-Ohio-1470, the Ohio Supreme Court discussed the elements of R.C. 2921.331(B). The Court concluded that "R.C. 2921.331[ ] specifies the degree of culpability as willful * *

\*." Id. at ¶14, 885 N.E.2d 888. Therefore, under *Colon I* and *Fairbanks*, Vari's indictment was not defective since it identified the mens rea element as willful.

**{¶40}** Accordingly, Vari's second assignment of error is without merit.

**{¶41}** Vari's third, fourth, and fifth assignments of error state, respectively:

**{¶42}** "The Defendant-Appellants State Constitutional rights and federal Constitutional rights to due process were violated where he was ineffectively assisted by counsel."

**{¶43}** "The Defendant-Appellants State Constitutional Rights and Federal Constitutional Rights To Due Process Were Violated When He Was Denied Access To An Adequate Law Library Or Persons Trained In Law. Defendant-Appellant further Contends That He Was Denied His Right To Equal Protection Of The Laws."

**{¶44}** "The Defendant-Appellants State Constitutional Rights And Federal Constitutional Rights Were Violated When His Plea Of Guilty Was Coerced Through Unethical Negotiations Involving Trial Judge And Threats Of Abuse By Police."

**{¶45}** These assignments of error are rendered moot by our disposition of Vari's first assignment of error. App.R. 12(A)(1)(c).

**{¶46}** The judgment of the trial court is hereby reversed, Vari's guilty plea is vacated, and the matter is remanded for further proceedings according to law and consistent with this court's opinion.


Waite, J., concurs.
DeGenaro, J., dissents. See dissenting opinion.

DeGenaro, J., dissents.

**{¶47}** I must respectfully dissent from the majority's decision to vacate Vari's plea, not only because the majority has overreached by sua sponte raising the issue which is the basis of its decision, but because of the majority's analysis resolving the issue as well. I would affirm Vari's sentence and conviction for multiple reasons. First, his plea was knowing, voluntary and intelligent, thereby waiving appellate review of several assigned errors. Second, the trial court did not err by denying Vari's motion to withdraw his guilty plea. Finally, by virtue of moving to withdraw his

guilty plea, Vari reneged on the plea agreement with the State. Because there was no longer a jointly recommended sentence in place, the trial court did not breach any sentencing agreement or otherwise commit reversible error in imposing an eight year prison sentence.

{¶48} For ease of analysis, I will address Vari's assignments of error out of order. In his second, third and fifth, which can be addressed together, Vari asserts as follows:

{¶49} "The Defendant-Appellant's state constitutional right to a grand jury indictment and state and federal constitutional rights to due process were violated when his indictment for failure to comply with order or signal of police officer pursuant to R.C. 2921.331(B)(C)(1)(4) failed to expressly charge the mens rea element of the crime."

{¶50} "The Defendant-Appellants State Constitutional rights and federal Constitutional rights to due process were violated where he was ineffectively assisted by counsel."

{¶51} "The Defendant-Appellants State Constitutional Rights And Federal Constitutional Rights Were Violated When His Plea Of Guilty Was Coerced Through Unethical Negotiations Involving Trial Judge And Threats Of Abuse By Police."

{¶52} Vari asserts that his indictment was defective; his trial counsel was ineffective for failing to adequately communicate with him, interview potential witnesses, and review police reports; and his plea was coerced. The State argues, inter alia, Vari's guilty plea was valid and therefore waives any challenge to counsel's effectiveness, and further, that these claims are based upon facts de hors the record, and therefore must be raised in a post-conviction petition, not a direct appeal. The State is correct.

{¶53} Vari entered a guilty plea in this case. As this court has previously held, "[s]ubsequent to a plea of guilty, an appellant may only challenge the voluntary, knowing and intelligent nature of his plea. *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351. A defendant's guilty plea waives most constitutional rights and most errors for purposes of appeal, because 'a guilty plea represents a

break in the chain of events which has preceded it in the criminal process' and the defendant 'may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' Id." *State v. Cain*, 7th Dist. No. 08 MA 123, 2009-Ohio-1015, at ¶11. See, also, *State v. Taylor*, 7th Dist. No. 08 MA 107, 2009-Ohio-4818, at ¶21. In accordance with *Cain* and *Taylor*, Vari waived appellate review of any alleged defect in the indictment by entering a guilty plea.

{¶54} Moreover, because a guilty plea constitutes a complete admission of guilt, Crim. R. 11(B)(1), this waiver "includes the right to claim that the accused was prejudiced by constitutionally ineffective counsel, 'except to the extent the defects complained of caused the plea to be less than knowing and voluntary.'" (internal citation omitted) *State v. Snyder*, 7th Dist. No. 03 MA 152, 2004-Ohio-3366, at ¶13. Thus, it must be determined whether Vari's plea passes constitutional and statutory muster and whether counsel's assistance was effective in that regard.

{¶55} Crim.R. 11(C) sets forth constitutional rights (jury trial, confrontation of witnesses, compulsory process, proof of guilt beyond a reasonable doubt, and the privilege against compulsory self-incrimination) and non-constitutional rights (defendant must be informed of the nature of the charges, maximum penalty, ineligibility of probation if applicable, and that the court may proceed immediately to sentencing) that a defendant must be advised of by the trial court before entering a plea. When a trial court fails to either strictly comply with a recitation of a defendant's constitutional rights, or substantially comply with a recitation of a defendant's non-constitutional rights, the plea is invalid. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.

{¶56} Here the trial court's colloquy with the defendant demonstrates strict compliance with the recitation of Vari's constitutional rights and substantial compliance as to his non-constitutional rights. The trial court informed Vari of his constitutional right to: have a jury trial, confront witnesses against him, subpoena witnesses in his favor, have the State prove his guilt beyond a reasonable doubt, not

be compelled to testify against himself and the fact that if he chose to not testify that choice could not be considered in determining his guilt. Vari was also advised of the charges against him and the possible penalties, which included a 24-year maximum sentence and post release control, that the offenses were "probationable" offenses and was told about community control.

**{¶57}** In addition to all the above, Vari was asked whether his plea was entered into freely and voluntarily and if he was threatened into making the plea. Vari indicated he was not threatened and his plea was freely made, and that he was not under the influence of any drugs or alcohol. Considering all the above, Vari was afforded due process and his guilty plea was entered knowingly, intelligently, and voluntarily with the effective assistance of counsel.

**{¶58}** As the State points out, the balance of Vari's allegations of counsel's ineffectiveness primarily involve alleged facts that are de hors the record. He claims that he met with counsel only one time after his preliminary hearing for which his counsel was unprepared. He claims that his counsel failed to contact several defense witnesses, none of whom he identifies. He claims that he was coerced into pleading guilty. All of the exhibits attached to Vari's pro se appellate brief in support of these claims are not part of the record. These types of allegations are not reviewable on direct appeal and are more appropriately raised in a motion for post conviction relief, in which facts outside the record may be introduced. *State v. Nottingham*, 7th Dist. No. 05 BE 39, 2007-Ohio-3040, at ¶27; *State v. Hartman*, 93 Ohio St.3d 274, 302, 2001-Ohio-1580, 754 N.E.2d 1150. Moreover, Vari's claims of counsel's ineffectiveness other than with respect to his plea are waived by Vari's guilty plea. *Snyder*, at ¶13. And Vari's claim that his plea was coerced is meritless because of the conclusion above that his plea was entered knowingly, intelligently and voluntarily.

**{¶59}** For all of these reasons, Vari's second, third and fifth assignments of error have either been waived or are meritless.

**{¶60}** Vari's fourth assignment of error asserts:

**{¶61}** "The Defendant-Appellants State Constitutional Rights and Federal

Constitutional Rights To Due Process Were Violated When He Was Denied Access To An Adequate Law Library Or Persons Trained In Law. Defendant-Appellant further Contends That He Was Denied His Right To Equal Protection Of The Laws."

{¶62} Vari reasserts his ineffective assistance claim and also complains that the Akron Law School's Appellate Review Clinic denied him assistance in drafting a pro se motion to withdraw his guilty plea. He contends he wanted to withdraw his plea within days of entering it and if the Appellate Review Clinic had helped him file the motion closer in time to when the plea was entered, he would have been successful in having it withdrawn. Again, these claimed errors and the exhibits Vari points to in support are de hors the record and are more appropriately raised in a post-conviction petition.

{¶63} To the extent that Vari alleges that he was denied access to an adequate law library, that claim should have been pursued through an original, civil action. Additionally, "[p]rison authorities may assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law as a means to providing adequate access to the courts. * * * The constitutional right of access does not guarantee an inmate's access to a law library where the inmate has adequate legal representation." (Internal citations omitted) *Smith v. Swanson*, 4th Dist. No. 2003CA00140, 2004-Ohio-2652, at ¶13. Accordingly, Vari's fourth assignment of error is meritless.

{¶64} Vari's first assignment of error asserts:

{¶65} "The trial court committed an abuse of discretion by refusing to grant defendant-appellant's motion to withdraw his previous plea of guilty where such request was made prior to the imposition of sentence."

{¶66} In his first assignment of error Vari argues the trial court erred by refusing to permit him to withdraw his plea. Before I address the merits of this assignment of error, I must address the majority's conclusion that the trial court breached the plea agreement.

{¶67} In neither this nor any other assignment of error in this appeal does Vari

challenge the sentence imposed by the trial court. Nor does Vari assign as error that the State or the trial court breached the plea agreement. Therefore I disagree with the majority's decision to sua sponte raise this issue. While an appellate court does have the discretion to raise issues sua sponte, such discretion is not completely unfettered. App.R. 12(A). I would decline to exercise that discretion in order to avoid the appearance of acting as an advocate, and to preserve the court's role as an objective, impartial arbiter of a legal dispute. See *Dayton v. Dabney* (1994), 99 Ohio App.3d 32, 39-40, 649 N.E.2d 1271.

{¶68} Turning to the merits of the majority's sua sponte issue, I see no evidence in this record to support the majority's determination that the trial court participated in the plea bargaining process at all. Here, the trial court merely offered an explanation as to why it was willing to impose the sentence that Vari and the State jointly recommended. Further, the trial court's sentencing decision, which allegedly breached Vari's plea agreement, happened subsequent to and did not affect the actual substance of Vari's motion to withdraw his plea. I disagree with the majority's choice to use a subsequent decision by the trial court, imposing an eight year sentence, to find reversible error in a prior trial court decision, denying the motion to withdraw. The majority's conclusion effectively holds that Vari's plea was not knowing, voluntary and intelligent because of the sentence imposed by the trial court. Even more importantly, the trial court did not breach the plea agreement. Vari unequivocally rejected the plea agreement due to his desire to present additional mitigating circumstances in the hopes of obtaining a lesser sentence than the 4 years he had originally agreed to, and was now reneging on, leaving no plea agreement for the trial court to breach.

{¶69} At the beginning of the August 8, 2007 sentencing hearing, the trial court sought to verify with defense counsel that the four year sentence recommended by the State was an agreed upon sentence. Defense counsel stated that the sentence was agreed upon "at the time," but that Vari would like to withdraw his guilty plea and continue to trial in order to assert his innocence. (Tr. 5, 7). The trial court responded: "I'm happy to go through the hearing that I have to go through when

someone requests to withdraw the guilty plea, but your client should be real careful about that because if he's not agreeing to the sentence that's recommended, then I'm not going to go along with an agreed upon sentence, if indeed I don't sustain his motion to withdraw his plea." (Tr. 7). Defense counsel responded that Vari had been so advised. (Tr. 8).

{¶70} Vari continued to address the court personally. Vari explained that he did not want to withdraw his guilty plea in order to maintain his innocence, and instead wanted to withdraw the sentencing agreement because he felt that he had further mitigating circumstances to present to the court. Vari complained that his counsel had not met with him, and that he had not been able to explain such mitigating evidence to his counsel before the entry of his plea. (Tr. 10-11). The defendant expressed that he would still give a guilty plea, but wanted "true consideration" in regards to the trial court's sentencing decision. (Tr. 11). Vari then stated that he did not wish to proceed on his Crim.R. 32.1 motion. (Tr. 12).

{¶71} Defense counsel then began to discuss mitigating circumstances in Vari's case. The trial court stopped counsel and explained that, in light of the four year sentence agreement, there was no place in the hearing for a presentation of circumstances, either mitigating or aggravating. The trial court noted that, if the defendant wanted to jettison the sentencing agreement, he was free to present mitigating evidence, and the State would be free to present aggravating evidence. The trial court warned that proceeding without the constraints of the four year sentencing agreement would definitely result in a higher sentence for Vari. (Tr. 15). After the trial court's explicit explanation and warning, Vari stated: "I don't want the agreed upon sentence. I can't present mitigating circumstances? I want to withdraw my plea." (Tr. 16).

{¶72} The trial court, counsel, and Vari proceeded to discuss the merits of Vari's motion to withdraw his guilty plea, as well as Vari's mitigating circumstances, in tandem. Vari continued to express that his desire to withdraw his plea was in order to explain his circumstances and receive a sentence with the best opportunity for rehabilitation. Vari otherwise noted that he "really didn't want to take this plea back,"

and expressed that he did need to go to jail. (Tr. 27-28).

{¶73} I cannot join in the majority's conclusion that the trial court made it impossible for Vari to breach his plea agreement by denying the motion to withdraw his guilty plea. Even if the above discussion had not occurred within the context of a motion to withdraw a guilty plea, Vari's requests and explanations make it quite clear that he rejected the plea agreement, leaving no plea agreement for the trial court to breach. It appears from the record that Vari was having second thoughts about the agreement he reached with the State as to the length of his sentence. I agree with the majority that plea bargaining is an important component of the criminal justice system and to preserve the integrity and public confidence in that system requires that promises made by prosecutors and trial judges be kept. But to a lesser extent the defendant has an obligation to keep the promise he makes as well. A defendant cannot decide to walk away from a plea agreement and still expect the State's original promise to be kept. Doing so has the aura of gaming the system, trying to get a better deal and yet hedging one's bet by expecting the State and the trial court to keep their promises. Allowing a defendant to play such a game would undermine the plea bargaining process.

{¶74} Although the trial court denied Vari's motion to withdraw his guilty plea, Vari made it clear that he wanted to present mitigating circumstances in the hopes of altering or reducing his sentence, despite the explicit warning of the trial court that such a result almost certainly would not occur. The rejection of the prior plea agreement, the entry of a guilty plea upon the trial court denying Vari's motion to withdraw and the freedom to present mitigating circumstances were what Vari requested, and that is exactly what he received. I therefore disagree with the majority's conclusion that the means through which Vari rejected his plea agreement (the motion to withdraw a guilty plea) made it impossible for Vari to renege on the plea agreement.

{¶75} Thus for all these reasons, I conclude that the trial court did not breach the sentencing agreement initially presented by the parties.

{¶76} Turning to the merits of the issue raised by Vari in his first assignment

of error, the trial court did not abuse its discretion by denying his motion to withdraw his guilty plea. Pursuant to Crim.R. 32.1, a defendant may move to withdraw his guilty plea before his sentence is imposed. This motion can be made orally at the sentencing hearing. See *State v. Glavic* (2001), 143 Ohio App.3d 583, 588-589, 758 N.E.2d 728. Motions to withdraw a guilty plea before sentencing "should be freely and liberally granted." *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E .2d 715. At the same time, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. A defendant is only entitled to withdraw his plea when "there is a reasonable and legitimate basis for the withdrawal of the plea." Id.

**{¶77}** This Court has previously stated that "the factors that are weighed in considering a pre-sentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim.R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge." *State v. Cuthbertson,* 139 Ohio App.3d 895, 898-899, 2000-Ohio-2638, 746 N.E.2d 197. No one of these factors is conclusive. Id. at 899.

**{¶78}** "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Reed*, 7th Dist. No. 04 MA 236, 2005-Ohio-2925, at ¶7, quoting *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, at paragraph two of the syllabus. A trial court's decision "to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court," and thus will not be disturbed by a reviewing court absent an abuse of discretion. *Xie* at paragraph two of the syllabus. The trial court abuses that discretion when its ruling is

"unreasonable, arbitrary or unconscionable," which is "more than an error of judgment." Id. at 527.

{¶79} Upon consideration of the nine factors of *Cuthbertson*, the trial court's decision to deny Vari's motion to withdraw his guilty plea was not an abuse of discretion. First, while the trial court noted that Vari's plea withdrawal would hamper judicial efficiency given the court's crowded docket, the court concluded that granting Vari's motion would probably not prejudice the State. Vari argues that the consideration of this factor was the main reason for reversal in *Cuthbertson*, and that the similarities to this case should merit reversal as well. However, as this Court recently noted in *State v. Scott*, 7th Dist. No. 08 MA 12, 2008-Ohio-5043, at ¶15, "our *Cuthbertson* reversal relied upon multiple factors including the lack of prejudice to the state, the pressure to plead, the defendant's expression of innocence, and the defendant's letter written to the court one week after the plea and two weeks prior to sentencing." Here, as in *Scott*, the factors "do not necessarily tip the scales in the same manner" that they did in *Cuthbertson*. Vari did not allege that he was pressured to plead, or that he had expressed the desire to withdraw his plea prior to the sentencing hearing. During his sentencing hearing Vari does allude to having sent a letter to the trial court, though the context of Vari's allusion indicates that he had hoped to present mitigating circumstances for the trial court to consider in its sentencing decision. Additionally, unlike the defendant in *Cuthbetrson*, Vari did not necessarily argue his innocence during his motion to withdraw his guilty plea. Finally, "although prejudice to the state has been called an important factor, it is not dispositive, and a lack of articulated prejudice does not require plea withdrawal." *Scott* at ¶16, citing *State v. Leasure*, 7th Dist. No. 01-BA-42, 2002-Ohio-5019, at ¶19, 42.

{¶80} As for the second factor, Vari complained that his counsel had not met with him, and that he had not been able to explain such mitigating evidence to his counsel before the entry of his plea. As analyzed above, Vari's guilty plea was entered knowingly, intelligently, and voluntarily with the effective assistance of counsel. Moreover, counsel was able to negotiate a four year sentencing agreement,

when Vari was facing a maximum sentence of twenty-four years in prison. Although Vari later rejected this negotiated sentence, counsel's pre-trial actions and successful efforts in obtaining such a favorable sentence indicate that Vari was afforded reasonable representation leading up to his plea.

**{¶81}** Third, Vari stated that he had failed to take his prescribed medication prior to his June 12, 2007 plea hearing, causing misjudgment and surprise on his part. However, there is no indication in the record of that hearing that Vari did not understand the nature of the charges against him or the sentencing ranges. The charges in the indictment were explained to Vari at the plea hearing and were also included in the written plea agreement. The sentencing range of up to twenty-four years in prison was explained to Vari, and detailed in the written plea agreement. As described above, the trial court complied with the requirements of Crim.R. 11 in its colloquy with Vari.

**{¶82}** Fourth and fifth, although Vari argues that the trial court did not adequately stress the first *Cuthbertson* factor in its deliberations regarding Vari's motion, Vari does not argue that the trial court failed to provide a complete analysis of Vari's motion pursuant to *Cuthbertson* and *Xie.* In fact, the record reveals that the trial court inquired extensively into Vari's reasons for requesting a withdrawal of his plea, engaged in lengthy discussion with Vari and counsel about the motion, and provided Vari with ample opportunity to argue the merits of his motion.

**{¶83}** Sixth, the trial court noted the timing of Vari's motion was unreasonable, as it was presented orally during Vari's sentencing hearing. Vari had almost two months between his plea hearing and sentencing hearing during which time he could have filed a motion to withdraw his guilty plea. Not only did Vari wait until the day of sentencing to present his motion, but did so after the sentencing hearing had already commenced.

**{¶84}** Seventh, the reasons for Vari's motion were not compelling. Vari stressed throughout his explanations that his reason for withdrawing his plea was in order to present mitigating evidence. Vari repeatedly indicated that he did not actually wish to change his plea to "not guilty," and only wanted "true consideration"

- 20 -

of his version of events before the imposition of a sentence.

**{¶85}** Eighth, as stated previously, Vari entered his plea with an understanding of the nature of his charges and their sentencing ranges. Vari was given a full explanation of the charges at his original sentencing hearing, and the trial court repeatedly reminded Vari of the maximum prison sentences that he potentially faced if he chose to reject the previously agreed upon sentence.

**{¶86}** Ninth, although Vari's counsel broached the issue of the motion with a claim of innocence, Vari repeatedly made statements alleging the opposite. Vari explained that he did not want to withdraw his guilty plea in order to maintain his innocence, and instead wanted to withdraw the sentencing agreement because he felt that he had further mitigating circumstances to present to the court. Vari expressed that he continued to intend to enter a guilty plea, but wanted "true consideration" in regards to the trial court's sentencing decision. Vari otherwise noted that he "really didn't want to take this plea back," and stated that he did need to go to jail. Further, the mitigating circumstances presented did not support an argument of innocence, but instead an argument towards lesser charges or lesser sentences. For example, Vari believed that he was perhaps guilty of negligent assault, not felonious assault. Vari argues that the vehicle he was driving did not have a reverse gear, rendering impossible the State's claim that Vari had backed up to ram the officer's vehicles during their pursuit.

**{¶87}** The trial court heard Vari's arguments during the hearing on the motion to withdraw the plea, and was in the best position to determine Vari's credibility and determine the weight of the assertions in support of the motion. *Reed*, supra. Given the foregoing analysis, although the first *Cuthbertson* factor weighs in favor of Vari's motion, the remaining factors weigh heavily against it. The trial court therefore did not abuse its discretion when it denied Vari's motion to withdraw his guilty plea. For all of the foregoing reasons, Vari's first assignment of error is meritless.

**{¶88}** In conclusion, I would affirm Vari's conviction and sentence. The trial court properly denied Vari's motion to withdraw his guilty plea, the indictment was not defective, he had the effective representation of counsel when entering his plea, and

his plea was not coerced. His claim with respect to access to the prison law library and a legal clinic likewise fails on its merits or because it is not an appropriate claim in a direct appeal. Finally, Vari withdrew from the jointly recommended sentence, and as a result the trial court was no longer bound to impose it.